UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-118-M

WARREN C. HELTON, individually and        PLAINTIFFS
on behalf of THE WARREN C. HELTON
IRREVOCABLE TRUST, et al.,

v.

AMERICAN GENERAL LIFE                     DEFENDANTS
INSURANCE COMPANY, et al.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiffs Warren C. Helton and John L. Worth, to dismiss Defendant Lawrence A. Rasche's initial counterclaims [DN 28] and his amended counterclaims [DN 51] for unjust enrichment and common law indemnity. Fully briefed, the matter is ripe for decision. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This case arises out of the non-renewal of bank loans used to finance life insurance premiums. Plaintiffs Warren C. Helton ("Helton") and John L. Worth ("Worth"), both life insurance agents, purchased life insurance policies from Defendant American General Life Insurance Company through its agent, Defendant Lawrence A. Rasche ("Rasche"). The insurance premiums were to be paid for through loans from Defendant Old National Bank ("ONB"). According to Plaintiffs, Rasche and Defendant Mark Rickelman, then a

Vice President of ONB, promised that ONB would provide loans to Plaintiffs each year to finance their annual premiums until Plaintiffs no longer wanted to participate, or until they died. Based on that guarantee, Worth and Helton purchased life insurance policies from Rasche.  Two of Worth's clients, co-plaintiffs James H. Henry, Jr. and Harold D. Milligan, also purchased life insurance policies from American General through Rasche. Plaintiffs brought this suit when ONB failed to renew the loans used to pay the premiums alleging fraud on the part of Rasche and others.

In his Answer to the Amended Complaint, Rasche asserts two counterclaims against Helton and Worth.  First, Rasche alleges that Helton and Worth are unjustly enriched by the commissions paid to them and second, Rasche claims that if he is found liable under these facts, he is entitled to indemnify from Worth.  According to Rasche, Worth was actively engaged in the solicitation of Henry and Milligan, who were existing clients of Worth.  Worth allegedly demanded and received from Rasche a share of the commissions paid on the policies sold to himself, Henry and Milligan.  Likewise, according to Rasche, Helton demanded and received a share of the commissions paid to Rasche from the policy sold to Helton.

Both Helton and Worth now move to dismiss these counterclaims.

## II.  STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation

omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Unjust Enrichment

To state a claim for unjust enrichment in Kentucky, Rasche must plead sufficient facts in support of three elements: "(1) benefit conferred upon [Helton and Worth] at [Rasche's] expense; (2) a resulting appreciation of benefit by [Helton and Worth]; and (3) inequitable retention of benefit without payment for its value." Jones v. Sparks, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009). See Haeberle v. McCall, Currens, Topor & Thompson, P.S.C., 2007 WL 1201587, at *7 (Ky. Ct. App. April 20, 2007) (same); Tractor & Farm Supply, Inc. v. Ford New Holland, Inc., 898 F.Supp. 1198, 1206 (W.D. Ky. 1995) (same). However, "[t]he doctrine of unjust enrichment has no application in a

3

situation where there is an explicit contract which has been performed.". Codell Const. Co. v. Commonwealth, 566 S.W.2d 161, 165 (Ky. Ct. App. 1977). The theory of unjust enrichment is "not based upon a contract but a legal fiction invented to permit recovery where the law of natural justice says there should be a recovery as if promises were made." Perkins v. Daugherty, 722 S.W.2d 907, 909 (Ky. Ct. App. 1987). Thus, the doctrine allows the courts to supply the fiction of a promise to permit the recovery. Id.

Before turning to the elements of unjust enrichment, the Court must decide if the doctrine has any application at all under these facts. Although not argued by Helton and Worth, it seems, from the facts alleged, that there was a contract, or agreement, between the parties which has been performed. Helton and Worth agreed to purchase the policies in exchange for the benefit of the insurance and a share of the commissions. Worth demanded a share of the commissions when he brought his clients to Rasche. Rasche conceded to their demands, sold the policies, and shared the commissions. It appears to the Court that promises were exchanged between the parties and those promises have been fulfilled. There is no reason for the Court to supply a promise under the doctrine of unjust enrichment.

Even if the doctrine has application here, the claim fails since Rasche cannot show the inequitable retention of benefit *without payment for its value*. "The doctrine of unjust enrichment is founded upon the principle that someone who receives a benefit desired by him, under circumstances rendering it inequitable to retain it *without making compensation*, must do so." King Records, Inc. v. Collectables, Inc., 153 F.App'x 355,

4

358 (6th Cir. 2005) (quoting Crye Leike, Inc. v. Ouer, 2004 WL 2607543, at *2 (Tenn. Ct. App. Nov. 16, 2004) (emphasis added). See Sparks, 297 S.W.3d at 78 (stating party unjustly benefitted can not retain "benefit without payment for its value"); Kellum v. Browning's Adm'r, 21 S.W.2d 459, 465 (Ky. Ct. App. 1929) (stating "the law will . . . impose the obligation to compensate for services rendered by one not bound to render them.") As noted, Helton and Worth paid for the value of the benefit they retained. They purchased the policies and Worth provided clients who purchased policies.

Therefore, the Court concludes the unjust enrichment claim must fail.

**B. Common Law Indemnity**

Common law indemnity is the "repayment to one party by another party who caused the loss, of such amounts the first party was compelled to pay." Liberty Mut. Ins. Co. v. Louisville & Nashville R.R. Co., 455 S.W.2d 537, 541 (Ky. 1970). The general rule in Kentucky is that "a joint tort feasor who is compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity." Brown Hotel Co. v. Pittsburgh Fuel Co., 224 S.W.2d 165, 166 (Ky. 1949). However the rule has "become subject to so many exceptions and limitations . . . that it can hardly with propriety now be called the general rule. The general rule has become the specific rule only where joint tort-feasors were in pari delicto-equal fault." Id. (citation omitted). See Degener v. Hall Contracting Corp., 27 S.W.3d 775, 780 (Ky. 2000) ("[The] right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto."); Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 77 S.W.2d

5

36, 39 (Ky. 1934) (indemnity proper "'where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.'") (quoting Trustees of Geneva v. Brush Elec. Co., 3 N.Y.S. 595, 596 (N.Y. Sup. Ct. 1889); Labor Ready, Inc. v. Johnston, 289 S.W.3d 200, 207 (Ky. 2009) (same).

In analyzing the motion to dismiss, this Court "must construe the complaint in the light most favorable to [Rasche]," and "accept all well-pled factual allegations as true." Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). Rasche alleges that Worth's conduct in actively soliciting, procuring and finalizing the subject life insurance policies was the active tortious conduct which caused the alleged harm in this case, if any. Rasche further alleges that his conduct is secondary or passive compared to Worth. Rasche has properly pled a common law indemnity claim under Kentucky law and the motion to dismiss the claim is denied. Whether Rasche will ultimately prevail on this claim remains to be seen.

**C. Right to Amend Counterclaim**

In his Answer to the original complaint, Rasche asserted counterclaims against Helton and Worth. Helton and Worth moved to dismiss those claims. [DN 28]. Thereafter, the Plaintiffs sought leave to file an Amended Complaint which was granted. Rasche answered the Amended Complaint. In his Answer to the Amended Complaint, Rasche again asserted counterclaims against Helton and Worth, but he added factual detail and labeled his claims. Helton and Worth move to dismiss those claims as well [DN 51], but they further argue that the Court should not allow the "amended" counterclaims.

It is arguable whether Rasche was required to file a responsive pleading to the Amended Complaint. "The district courts that have addressed the issue of the proper scope of a party's answer to an amended complaint have offered two different views. Some courts have held that a defendant must seek leave of court to serve new counterclaims or to assert new defenses unless the amended complaint changes the theory or scope of the case. Other courts, however, have held that, by filing an amended pleading, a plaintiff opens the door for a defendant to file any new counterclaims or defenses in its answer." Barry Fiala, Inc. v. Stored Value Systems, Inc., 2006 WL 2578893, *1 (W.D. Tenn. Sept. 1, 2006) (citations omitted). It is unnecessary to resolve this conflict because if he had sought leave to amend, it would have been freely granted. As Fed. R. Civ. P. 15(a) states, "the court should freely give leave [to amend] when justice so requires." To determine whether justice so requires, "[s]alient factors for a trial court's consideration include prejudice to the adverse party, failure to cure deficiencies by amendment, or futility of the amendment." Thompson v. Mclean County, 2008 WL 744928 at *4 (Ky. Ct. App. March 21, 2008) (citing Tarrants v. Henderson County Farm Bureau, 380 S.W.2d 274, 276 (Ky. 1964); First National Bank of Cincinnati v. Hartmann, 747 S.W.2d 614, 616 (Ky. Ct. App. 1988). Because the Court has concluded Rasche has successfully pled a common law indemnity counterclaim, the amendment is not futile. Helton and Worth have put forth no other reason why Rasche should not be allowed to amend his counterclaims and the Court finds none. Therefore, the amended of the counterclaims by way of a new answer to the Plaintiff's Amended Complaint is allowed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to Rasche's counterclaims of unjust enrichment. It is **DENIED** as to Rasche's counterclaim for common law indemnity.


cc. Counsel of Record