UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00118-JHM

WARREN C. HELTON, individually and on
behalf of THE WARREN C. HELTON
IRREVOCABLE TRUST, et al.                                         PLAINTIFFS

V.

AMERICAN GENERAL LIFE INSURANCE CO.;
AND LAWRENCE A. RASCHE                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motions for partial summary judgment against American General Life Insurance Company based on the non-delivery of the policies. [DN 147, 149, 151, 155].  Also before the Court are Plaintiffs' motions for partial summary judgment on the grounds that the policies are void ab initio. [DN 186, 187]  Fully briefed, these matters are ripe for decision.  For the following reasons, the Court **DENIES** the Plaintiffs' motions for partial summary judgment.

## I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." <u>Anderson</u>, 477 U.S. at 252.

## II. BACKGROUND

This case stems from the sale of financed premium life insurance plans by Defendants American General Life Insurance Company ("American General") and its agent Lawrence Rasch ("Rasch"). Under these plans the insurance premiums are financed through bank loans. Each insured creates an irrevocable trust, naming a close relative or spouse as Trustee and owner of the policy. Ideally, at the time of the insured's death, the death benefits would be sufficient to repay all borrowed premiums plus interest and still provide  substantial insurance proceeds to the beneficiaries.

James H. Henry, Jr. applied for insurance to American General in November of 2007. According to the record, American General issued a policy on November 28, 2007. Sandra Kay Henry was Trustee of the James H. Henry Jr. Irrevocable Trust. Mr. Henry was unable to obtain financing before the first premium was due and he paid American General $175,000 of his own funds. Financing was never obtained for Mr. Henry and the policy lapsed May 30, 2009.

Warren C. Helton was issued a life insurance policy from American General on June 28, 2007. Mr. Helton, and his wife, Belinda Helton (as Trustee), agreed to purchase a policy with a premium of $200,000 per year. Mr. Helton obtained financing for his life insurance policy through Old National Bank. On November 28, 2007, the Trust, with Mrs. Helton as Trustee, executed an assignment, assigning the policy to Old National Bank. When financing for additional premium payments was declined, Old National Bank unilaterally surrendered the policy and received the cash value on December 8, 2009.

Brian D. Milligan, with Marjorie Lellie as Trustee, applied for a policy from American General which was issued on May 12, 2008. His policy required a premium of $390,000 per year. Mr. Milligan paid the first monthly premium, $32,500, with his own funds. He then obtained financing for the remaining premiums from First Financial Bank in July of 2008. The life insurance policy was assigned to First Financial Bank. Eventually, First Financial Bank decided not to provide any additional financing and the policy lapsed.

John L. Worth applied for an American General Life Insurance policy on March 15, 2006, and designated his wife, Judy Worth, as Trustee and owner of the policy. The death benefit was 5 million dollars and required a premium payment of $160,000 per year. Mr. Worth obtained financing for the premiums from Old National Bank. On August 24, 2006, the life insurance contract was assigned to Old National Bank. After additional financing was denied, Old National Bank unilaterally surrendered the policy to American General on October 13, 2009 for the cash value of the policy.

Harold Dane Milligan was issued a life insurance policy by American General in April of 2007. The owner of the policy was the Harold D. Milligan Irrevocable Trust, with Donna Milligan

as Trustee.  While there are questions about whether Donna Milligan actually was the Trustee, the issue is not relevant for these purposes.  Old National Bank provided the financing for the premiums. The policy was assigned to Old National Bank on April 30, 2007.  After additional financing was denied, on December 4, 2009, Old National Bank unilaterally surrendered the policy and obtained the cash value.

Sandra Kay Henry, in her capacity as Trustee of the James H. Henry, Jr. Irrevocable Trust; Belinda Helton, in her capacity as Trustee of the Warren C. Helton Irrevocable Trust; Marjorie Lellie in her capacity as Trustee of the Brian D. Milligan Irrevocable Trust; and Judy Worth, in her capacity as Trustee of the John L. Worth Irrevocable Trust (collectively "Trustees") have filed motions for partial summary judgment against American General Life Insurance, claiming they are entitled to a refund of all premiums paid plus interest because the original policies were never delivered to the owners.

Additionally, Plaintiffs Warren C. Helton, Belinda Helton on behalf of the Warren C. Helton Irrevocable Trust, Harold D. Milligan, Donna Milligan on behalf of the Harold D. Milligan Irrevocable Trust, John L. Worth, Judy Worth on behalf of the John L. Worth Irrevocable Trust, Brian Milligan, and Marjorie Lellie on behalf of the Brian Milligan Irrevocable Trust have filed motions for partial summary judgment against American General claiming the life insurance contracts are void ab initio as stranger oriented life insurance policies.

### III. DISCUSSION

The Complaint lists eight causes of action.  Those alleged against American General are Count Three, which alleges that American General knowingly permitted an/or offered to make contracts of life insurance, and as inducement to such insurance, gave or offered to give valuable

4

consideration not expressed in the contract; specifically deferred interest on loans made or to be

made by Old National in violation of KRS 304.12-090; Count Six, which alleges American General

was negligent in its supervision of Rasche; Count Seven, which alleges that American General is

vicariously liable for Rasche's actions and liabilities under the doctrine of respondeat superior; and

Count Nine[1], which alleges civil conspiracy by Rasche and American General for their tortious and

unlawful acts. (Second Amended Complaint, [DN 83].)  The claims against Rasche include violation

of the Kentucky Consumer Protection Act; violation of KRS § 304.12-010 which provides that no

person shall engage in Kentucky in any practice which is an unfair method of competition or any

unfair or deceptive act or practice in the business of insurance; negligent misrepresentation; and

negligence. The Complaint states that Helton, Brian Milligan, Harold Dande Milligan, and Worth

must pay out of pocket premiums to avoid cancellation of their life insurance policies. (Id. [DN 83].)

Only the Henry policy was alleged to have never been delivered. (Id. at 14 [DN 83].)  The Plaintiffs'

motions for partial summary judgment allege that the insurance contracts were never consummated

since the original policies were never delivered to the owners and the insurance policies are void ab

initio as stranger oriented life insurance policies.

American General argues that the non-delivery claim was never asserted in the Plaintiffs'

pleadings and Plaintiffs should be precluded from doing so now.  It also contends that the claim that

the contracts are void ab initio because they are stranger oriented life insurance ("STOLI") policies

is a new theory of recovery.  In support of this argument, American General cites to <u>Tucker v. Union

of Needletrade, Industrial and Textile Employees</u> in which the Sixth Circuit held that once a case

has advanced to the summary judgment stage, "the liberal pleading standards under . . . [the Federal

---

[1] There are only eight counts stated in the Second Amended Complaint.

Rules] are inapplicable." 407 F.3d 784, 788 (6th Cir. 2005). American General argues that the Plaintiffs had all of the information needed to assert these claims in the Complaint and several years to amend the Complaint. The Plaintiffs never amended and American General states that several Plaintiffs affirmed the validity of the insurance contract in the Complaint by seeking to avoid cancellation of the policies.

In response to this argument, Plaintiffs state the provisions for discovery are flexible and American General had notice of the non-delivery issue through the allegations in the Complaint of violations of the Kentucky Consumer Protection Act and unfair and deceptive trade practices. Plaintiffs argue that these causes of action put American General on notice of issues "concerning the sale and purchase of the life insurance policies at issue, including whether or not they were ever delivered, as is required to consummate the sale of the policies." (Reply Memo, 6 [DN 235].) In support of this argument, Plaintiffs cite to cases regarding the failure to deliver promised benefits or financial services which were regulated by the Kentucky Consumer Protection Act. (Id. [DN 235] (citing Stevens v. Motorists Mut. Ins. Co., 759 S.W. 2d 819, 821 (Ky. 1988)).) Additionally, Plaintiffs state that they have not brought up anything new in their motions or produced any new documents that American General did not already have in its possession. According to Plaintiffs, Tucker v. Union of Needletrades, Indus., & Textile Employees is distinguishable from the case at present. In Tucker the defendants moved for summary judgment and the plaintiff attempted to introduce a new theory of recovery in response to the motion for summary judgment. Plaintiffs state that the Court in Tucker found that the new theory was an unfair surprise because the defendant had not received any notice of the new claim. In the present case, Plaintiff argues that American General had ample opportunity to discover the Plaintiffs' non-delivery allegations and there is no unfair

surprise.

Federal Rule of Civil Procedure 8(e) states "Pleadings must be construed so as to do justice." The Sixth Circuit has held that "the fundamental tenor of the Rules is one of liberality rather than technicality." Minger v. Green, 239 F.3d 793, 799 (6th Cir. 2001). "Therefore, the Rules require that we not rely solely on labels in a complaint, but that we probe deeper and examine the substance of the complaint." Id. As the Tucker court summarized, the Federal Rules of Civil Procedure, "provide for liberal notice pleading at the outset of litigation because '[t]he provisions for discovery are so flexible' that, by the time a case is ready for summary judgment, 'the gravamen of the dispute [has been] brought frankly into the open for inspection by the court.'" Id. at 788 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002)).

Other than mentioning that Henry paid $175,000 for an insurance policy he never received, the claim of non-delivery, as is now being alleged by the Plaintiffs, is not stated in the Second Amended Complaint. Likewise, the claim that the policies of insurance are void ab initio because they are stranger oriented life insurance policies is not alleged. The basis of the non-delivery claim is that the insurance contracts were never formed - never consummated. The STOLI claim asserts the insurance policies were void from the beginning. After reading the Complaint liberally, the Court finds that the Plaintiffs have not sufficiently pled allegations to put American General on notice of any claims that the life insurance contracts were never consummated or that they were invalid.

The Complaint essentially alleges that Rasche and American General, under the theories of negligent supervision and respondeat superior, were unfair, unconscionable, false, misleading and deceptive in the practice of the insurance business. Rasche's misrepresentations and deceptive acts

caused the Plaintiffs to purchase life insurance policies they could not afford resulting in the Plaintiffs suffering damages. In the motions at present, Plaintiffs are now asking for summary judgment and remedies against American General on legal theories of insurance contract formation that are not alleged in the Complaint, stating that the appropriate remedy is a refund of premiums or rescission and restitution. Tellingly, in their motions, the Plaintiffs do not specify which one of the eight counts they seek judgment on - that is because the Plaintiffs are asking the Court to grant them summary judgment on claims never before pled. Therefore, the Court finds that Plaintiffs' motions for summary judgment on claims not pled are denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiffs' motions for partial summary judgment against American General Life Insurance Company based on the non-delivery of the policies [DN 147, 149, 151, 155] are **DENIED**.

Plaintiffs motions for partial summary judgment on the grounds that the policies are void ab initio [DN 186, 187] are **DENIED**.

Plaintiffs' Motion for Leave to Exceed Page Limit [DN 253] is **GRANTED.** American General's motions for leave to file surreplies [DN 237, 238, 239, 240] are **DENIED** as moot.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

November 19, 2012

cc: counsel of record

8